IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| F.V., a minor suing by and through his natural Mother and next friend AMBER VARGAS, and AMBER VARGAS, individually, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 2:20-CV-142-WKW |
| | ) [WO] |
| RANDOLPH COUNTY BOARD OF EDUCATION; RANDOLPH COUNTY SCHOOL SYSTEM; JEREMIAH MARQUIS THOMAS; JIMMIE FRYER; B. P., a minor, by and through his father and next friend, CHRIS ALLEN PETTIT; and D. S., a minor, by and through his father and next friend, DARRELL SIMS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the court is Plaintiffs' Opposed Motion for Leave to File a Third Amended Complaint in which Plaintiffs "seek to clarify their theories of liability and the underlying facts of this case." (Doc. # 57, at 1.) For the reasons to follow, the motion is due to be granted.

This action arises from an incident of student-on-student violence at Wedowee Elementary School in Randolph County, Alabama. As alleged, two

students—Defendants B.P. and D.S.—physically attacked and later threatened to kill Plaintiff F.V., while Defendant Jeremiah Marquis Thomas, the teacher in charge of supervising the students, was on his phone.  (Doc. # 47, at 3–4.)  F.V. suffered physical and psychological injuries, and his fear of B.P. and D.S. became such that his mother Amber Vargas removed him from school.  (Doc. # 47, at 4.)

F.V., by and through his mother, sued B.P., D.S., Thomas, Principal Jimmie Fryer, the Randolph County Board of Education ("RCBOE"), and the Randolph County School System ("RCSS") in an Alabama state court.  RCBOE removed this case to the United States District Court for the Middle District of Alabama on February 27, 2020.  The operative Second Amended Complaint (Doc. # 47) contains nine counts under state and federal law.  Thomas, Fryer, and RCBOE have moved to dismiss the claims against them (Docs. # 52, 53), and those motions are pending.

Preemptively, Plaintiffs have moved to amend the Second Amended Complaint.  Some of the proposed amendments are for stylistic or clarity purposes (*e.g.*, substituting "Defendants RCBOE and RCSS" for "such Defendants," inserting "F.V." after "Plaintiff" in several lines of text, and renumbering paragraphs to account for deleted paragraphs).  (*See* Doc. # 57-2, at 1–3.)  However, some of the proposed amendments are substantive and address pleading deficiencies that Defendants point out in their pending motions to dismiss.  For example, the proposed Third Amended Complaint clarifies that F.V. is "of Hispanic race or national origin"

(*see* Doc. # 57-2, at 3), allegations that are necessary to sustain Count V (a Title VI claim alleging a hostile educational environment based on F.V.'s national origin, *see* 42 U.S.C. § 2000d).  (*See* Doc. # 53, at 9–10.)  The following language also has been added to Count V:  "On information and belief, RCBOE and RCSS are 'recipients' of Federal financial assistance, as defined under 42 U.S.C. § 2000d *et seq*."  (Doc. # 57-2, at 4.)  The proposed Third Amended Complaint also incorporates the following italicized language, presumably to address Thomas and Fryer's arguments pertaining to their lack of knowledge of the alleged bullying:

> B.P. and/or D.S. bullied F.V. from late 2017 until August 30, 2018, and afterward *at Wedowee Elementary School or on the bus and Defendants RCBOE, RCSS, Jeremiah Thomas and Jimmie Fryer collectively had actual and/or constructive knowledge of B.P.'s and/or D.S.'s continuing practice of bullying F.V.*

(Doc. # 57-2, at 6.)  As a final illustration, the proposed Third Amended Complaint removes its predecessor's Count VII, which is titled "Municipal Liability" (Doc. # 47, at 13–14).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–41 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted).

The court finds no reason to deny leave to amend. First, allowing F.V.'s amendment would not cause undue delay. Full discovery has not commenced, and a scheduling order has not yet been entered. Second, there is no suggestion that F.V. seeks the amendment in bad faith. Third, while there have been prior amendments, two were prior to removal and the post-removal amendment, which had Defendants' consent, merely omitted fictitious party defendants and corrected an allegation relating to service of process for one of the minor defendants. (Doc. # 41.) Fourth, the court finds that permitting the amendment will not cause Defendants *undue* prejudice. Fifth, the amendments, considered in their totality, are not futile, as they remove one of the counts and also seek to tighten the allegations.

Based on the foregoing, the court will permit Plaintiffs to file a Third Amended Complaint, with the following qualifications. First, Plaintiffs have not demonstrated that they have perfected service on RCSS, and, according to RCBOE, RCSS "is not an actual entity." (*See, e.g.*, Doc. # 53, at 1.) A Third Amended Complaint, without the naming of RCSS, will be permitted. Second, Plaintiffs

should carefully reexamine each claim as to each Defendant, especially in light of Defendants' prior arguments for dismissal, to ensure the sufficiency of their pleading to survive a motion to dismiss as a future preemptive motion to amend will not be viewed favorably.

Accordingly, it is ORDERED that Plaintiffs' Motion for Leave to File a Third Amended Complaint (Doc. # 57) is GRANTED.  On or before **January 14, 2021**, Plaintiffs shall electronically file the Third Amended Complaint in compliance with the directives in this Order.

It is further ORDERED that, pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendants are permitted fourteen days after service of the Third Amended Complaint to file an answer or other appropriate motion.  Defendants are permitted to incorporate by reference arguments, if applicable, from their earlier filed motions without having to repeat them.

It is further ORDERED that the motions to dismiss the Second Amended Complaint (Docs. # 52–53) are DENIED as moot.

DONE this 7th day of January, 2021.

                                                /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE